IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

EBONEE JACQUESE BELL                                                                    PLAINTIFF
ADC #711204

v.                                             3:20-cv-00068-DPM-JJV

KERRI KOCOUREK,
Director, Think Legacy Program                                                        DEFENDANT

# PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.   Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

**I.      INTRODUCTION**

Ebonee Jacquese Bell ("Plaintiff") is a prisoner in the McPherson Unit of the Arkansas Division of Correction ("ADC").   She has filed a *pro se* Amended Complaint, pursuant to 42 U.S.C. § 1983, alleging that on September 4, 2019, Defendant Kerri Kocourek violated her equal protection rights by removing her from the Think Legacy Program while allowing two inmates of another race to remain in the program after committing similar rule violations.  (Doc. No. 9.)

Defendant Kocourek has filed a Motion for Summary Judgment arguing the claim should be dismissed without prejudice because Plaintiff failed to properly exhaust her administrative remedies.   (Doc. Nos. 20, 21, 22.)   Plaintiff has not filed a Response, and the time to do so has expired.   After careful consideration and for the following reasons, I recommend the Motion be GRANTED, Plaintiff's claim against Defendant Kocourek be DISMISSED without prejudice, and this case be CLOSED.

**II.     SUMMARY JUDGMENT STANDARD**

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the

2

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III.   ANALYSIS

The Prison Litigation Reform Act ("PLRA") provides that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007); *see also Woodford v. Ngo*, 548 U.S. 81, 89–91 (2006).

3

The PLRA requires inmates to properly exhaust their administrative remedies as to each claim in the complaint and complete the exhaustion process prior to filing an action in federal court.  *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000).   Importantly, the Supreme Court has emphasized "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."   *Jones,* 549 U.S. at 218. Thus, to satisfy the PLRA, a prisoner must fully and properly comply with the specific procedural requirements of the incarcerating facility.    *Id.*

The ADC policy in effect at the time of the alleged constitutional violations was Administrative Directive 19-20, which establishes as three-step grievance procedure.   (Doc. Nos. 20-1, 20-2.)   First, the inmate must attempt informal resolution of a problem by submitting a Unit Level Grievance Form to a designated problem solver *within fifteen days of the incident*.   (Doc. No. 20-2 at 6)   The form must include "a brief statement that is specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate submitting the form."   (*Id*.)   Importantly, the Directive states, "only one problem/issue should be stated in the grievance, not multiple problems/issues," and "[o]nly one issue will be addressed."   (*Id.* at 5.)   Also, inmates are cautioned a "[g]rievance must specifically name each individual involved in order that a proper investigation and response may be completed" and that an "inmate who fails to name all parties during the grievance process may have his or her lawsuit or claim dismissed by the court or commission for failure to exhaust against all parties."   (*Id*. at 5.)   The problem solver must respond to the informal resolution within three working days.   (*Id.* at 7-8.)   Second, if informal resolution is unsuccessful or the problem solver does not timely respond, the inmate must file a formal grievance on the same Unit Level Grievance Form within three working days.   (*Id*. at 8-9.)   The warden or his designee must provide a written

4

response to the formal grievance within twenty working days. (*Id*. at 11.) Third, an inmate who is dissatisfied with the warden's response or does not timely receive a response, must appeal within five working days to the appropriate ADC Assistant Director. (*Id*. at 11-12.) The ADC Assistant Director must provide a written response within thirty working days. (*Id*. at 13.) "A decision or rejection of an appeal at this level is the end of the grievance process." (*Id*.) Finally, Administrative Directive 19-20 includes the following warnings:

> Inmates are hereby advised that they must exhaust their administrative remedies as to all defendants at all levels of the grievance procedure before filing a Section 1983 lawsuit or Claims Commission claim. If this is not done, the lawsuit or claim may be summarily dismissed.

(*Id*. at 17-18.)

In her sworn Declaration, the ADC Inmate Grievance Coordinator says MCP-20-15 is the only relevant grievance. (Doc. No. 20-1). Plaintiff attached the same grievance to her Complaint, and she has not produced or referred to any other grievances she believes are relevant. (Doc. No. 2 at 6-8.)

On December 30, 2019, Plaintiff filed informal resolution MCP-20-15 alleging Defendant Kocourek racially discriminated against her when she terminated Plaintiff from the Think Legacy Program. (Doc. No. 2 at 6.) The problem solver denied the informal resolution, and Plaintiff filed a formal grievance on January 2, 2020. (*Id*.) On January 3, 2020, the Warden's office rejected the grievance, without addressing the merits, because Plaintiff filed her informal resolution on December 30, 2019, which was more than fifteen days after she was terminated from the Think Legacy Program on September 4, 2019. (Doc. No. 20-4 at 2.) Plaintiff's appeal of that ruling was rejected by the ADC Assistant Director's office, without reaching the merits, because Plaintiff failed to attach her grievance form to the appeal. (Doc. No. 20-4 at 1.)

The law on this matter is clear.  Before coming to federal court, a prisoner must properly exhaust her administrative remedies according to the prison's rules.  *Woodford*, 548 U.S. at 90 (administrative exhaustion "means using all steps that the agency holds out and doing so properly so that the agency addresses the issues on the merits").  Here, it is undisputed Plaintiff failed to comply with the ADC's rule requiring that an informal resolution be filed "within 15 days after the occurrence of the incident" and the rule requiring that "the Unit Level Grievance Form (Attachment I), which describes the matter originally grieved," be attached to the appeal.  (Doc. No. 20-2 at 6, 12.)   And, Plaintiff has not asserted or presented any evidence suggesting she was prevented from properly exhausting her available administrative remedies.  *See* 42 U.S.C. § 1997e(a) (prisoners must exhaust all "available" administrative remedies); *Ross v. Blake*, 136 S. Ct. 1850, 1860 (2016) (administrative remedies are "unavailable" when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation").   Accordingly, I recommend the Motion for Summary Judgment be granted.  *See Jones*, 549 U.S. at 211 ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court").

I realize Plaintiff may perceive my exhaustion findings as an unfairly technical "gotcha" mechanism to keep him out of court.   To the contrary, the exhaustion requirement plays a critical role in the remedy process.   The Eighth Circuit has explained this important role as follows:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. In other instances, the internal review might filter out some frivolous claims. And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

*Johnson,* 340 F.3d at 626-27; *see also Woodford*, 548 U.S. at 88 ("Exhaustion gives an agency an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court, and it discourages disregard of [the agency's] procedures").

### IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Defendant's Motion for Summary Judgment (Doc. No. 20) be GRANTED, Plaintiff's claims be DISMISSED without prejudice, and this case be CLOSED.

2. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 24th day of August 2020.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE